UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTAVO GOMEZ, | No. 2:16-cv-0911 CKD P |
| Plaintiff, | |
| v. | ORDER |
| BOARD OF PAROLE HEARINGS, et al., | |
| Defendants. | |

I. Introduction

Plaintiff, a California state prisoner housed in Florida, proceeds pro se and seeks relief pursuant to 42 U.S.C. § 1983. The complaint was filed November 20, 2015 and transferred to the Eastern District of California on May 2, 2016. (ECF Nos. 1 & 10.) This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1), and plaintiff has consented to have all matters in this action before a United States Magistrate Judge. (ECF No. 13.)

Plaintiff requests leave to proceed in forma pauperis. Since plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II. Screening Standard

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

U.S. 232, 236 (1974).

III. Discussion

Plaintiff is a parole-eligible term-to-life state prisoner. (ECF No. 1 at 2.) He names as defendants California's Board of Parole Hearings (BPH) and two BPH commissioners. (Id. at 1.) Plaintiff asserts the BPH's June 18, 2015 decision denying him parole violated both his federal right to due process of law and the California Constitution. (Id. at 2.) Plaintiff claims that the Board violated state regulations governing the parole decision process and "illegally and incorrectly" determined that his release would pose an unreasonable risk of danger. (Id. at 3.)

Plaintiff clarifies that he is not seeking "immediate entitlement to parole or a shorter sentence" as in a federal habeas action.[1] (Id. at 5.) Rather, he challenges "the procedures used during the parole process as generally improper or improper as applied in this case." (Id.) Asserting his claims are cognizable under § 1983, plaintiff seeks relief in the form of a new parole hearing. (Id.)

State prisoners may challenge the constitutionality of state parole procedures in an action under §1983 seeking declaratory and injunctive relief. Wilkinson v. Dotson, 544 U.S. 74, 76 (2005). In Wilkinson, the United States Supreme Court addressed the issue of whether an inmate could challenge a parole denial via § 1983 rather than habeas corpus. Id. at 74. The Court determined that an inmate may initiate a § 1983 action to seek invalidation of "state procedures used to deny parole eligibility ... and parole suitability," but he may not seek "an injunction ordering his immediate or speedier release into the community." Id. at 82. At most, an inmate can seek as a remedy "consideration of a new parole application" or "a new parole hearing," which may or may not result in an actual grant of parole. Id.

Here, plaintiff does not point to any BPH procedures that potentially violate his federal due process rights. The violation of state regulations, rules and policies of the CDCR, or other

---

[1] In 2011, the United States Supreme Court overruled a line of Ninth Circuit precedent that had supported habeas review in California cases involving denials of parole by the BPH and/or the governor. Swarthout v. Cooke, 562 U.S. 216 (2011). The Supreme Court held that federal habeas jurisdiction does not extend to review of the evidentiary basis for state parole decisions. The Ninth Circuit has acknowledged that after Swarthout, substantive challenges to parole decisions are not cognizable in habeas. Roberts v. Hartley, 640 F.3d 1042, 1046 (9th Cir. 2011).

state law is not sufficient to state a claim for relief under § 1983. To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights. See Paul v. Davis, 424 U.S. 693 (1976). Although the court may exercise supplemental jurisdiction over state law claims, plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367.

In Swarthout, 562 U.S. 216, the Supreme Court held that, even if a California prisoner has a state-created liberty interest in parole, the only federal due process to which a prisoner challenging the denial of parole is entitled is the minimal procedural due process protections set forth in Greenholtz v. Inmates of Nebraska Penal and Corrections Complex, 442 U.S. 1, 16 (1979) (i.e., an opportunity to be heard and a statement of reasons for the denial). Id. at 220. Under Swarthout, "it is no federal concern...whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." See id. at 220-21. Plaintiff does not allege that these minimal procedural due process protections were not met.

Finally, while plaintiff claims to be challenging BPH procedures, he argues that in its June 2015 decision, the BPH unreasonably concluded that plaintiff's release would pose a danger to society. To the extent plaintiff contends that the Board lacked evidence of dangerousness or misconstrued the record in denying him parole, his claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994). Heck holds that federal challenges, which, if successful, would necessarily imply the invalidity of incarceration or its duration, must be brought by way of petition for writ of habeas corpus, after exhausting appropriate avenues of relief. Muhammad v. Close, 540 U.S. 749, 750–751 (2004). Accordingly, "a state prisoner's [section] 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson, 544 U.S at 81–82. See Butterfield v. Bail, 120 F3d 1023, 1024 (9th Cir. 1997) ("Few things implicate the validity of continued confinement more directly than the allegedly improper denial of parole.").

For these reasons, the complaint must be dismissed. However, plaintiff will be granted the opportunity to file an amended complaint.

IV. <u>Leave to Amend</u>

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980). Also, plaintiff's amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Warden of Dade Correctional Institution filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and

5

two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in dismissal of this action.

Dated:  September 1, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / gome0911.14.parole